LANDRY, Judge.
Plaintiff herein, Janet Buras Ard, instituted this action in tort seeking recovery of damages for injuries to her person, loss of the love and companionship of, and for the pain, suffering and death of her 21 month old son, Claiborne Earl Ard, arising out of an automobile accident which occurred at approximately 1:20 P.M., July 10, 1961, approximately two miles south of Franlclinton, Washington Parish, Louisiana, on the Franklinton-Covington Highway, (a paved two-lane highway), when the 1950 DeSoto automobile owned by plaintiff and being driven by her estranged husband, Edward E. Ard (now deceased), in a northerly direction, collided head-on with a southbound 1950 Model Chevrolet truck being driven in a southerly direction by its owner, Joseph F. Kuhn, the said collision occurring in the southbound lane of travel.
The learned trial court rendered judgment in favor of the sole defendant, The Fidelity and Casualty Company of New York, liability insurer of the DeSoto Automobile being driven at the time of the accident by decedent Edward E. Ard, dismissing and rejecting plaintiff’s said demands and from said unfavorable judgment, plaintiff has taken this appeal.
Although plaintiff’s petition alleges numerous acts of negligence on the part of her deceased husband purportedly constituting the proximate cause of the accident including, among others, excessive speed, failure to keep a proper lookout and driving in the left or wrong lane of travel, upon trial the evidence was confined solely to an attempt to establish the charge that plaintiff’s now deceased husband lost control of the vehicle when, despite plaintiff’s protests, he negligently removed his hands from the steering wheel to take hold of the person of plaintiff and attempt to force plaintiff to sit nearer to him. Defendant denies any negligence on the part of decedent Edward E. Ard contending that he lost control of the vehicle when the right front tire thereof unexpectedly blew out rendering the vehicle uncontrollable. Alternatively, defendant charges plaintiff with contributory negligence in that plaintiff voluntarily rode in the automobile knowing it to be equipped with defective tires.
Plaintiff and her deceased husband, Ard, were married June 18, 1960, following plaintiff’s divorce in April, 1960, from her former husband, Anthony Fiorenza. While plaintiff was still lawfully married to Florenza, but after she had been separated from her said first husband for two years, namely, on September 25, 1959, plaintiff gave birth to the child, Claiborne Earl Ard, who, by plaintiff’s admission, is the child of plaintiff’s second husband, Edward E. Ard, deceased. Following the death of Ard, plaintiff, prior to trial of this cause on January 19, 1962, remarried her former husband, Fiorenza.
According to the evidence of record, the relationship between plaintiff and decedent Ard was not peaceful and harmonious but rather was marked by separations brought about by said decedent’s alleged mistreatment of plaintiff consisting principally in his inflicting physical abuse upon her person. On the date of the unfortunate accident the couple were separated and had been so for some time. Decedent, Ard, was desirous of effecting a reconciliation with plaintiff and prevailed upon her to accompany him from New Orleans, Louisiana, to Bogalusa, for a consultation with plaintiff’s grandfather, a minister, whose intervention it was felt might result in a reunion of the estranged couple.
When the couple embarked on their journey plaintiff was driving the automobile. However, en route, the child, Claiborne Earl Ard, became irritable, whereupon plaintiff requested decedent to drive the car in order that she might attend the child. Thereafter plaintiff occupied the right side *907 of the front seat holding the child in her arms while decedent drove the automobile.
The accident occurred at or near the bottom of a hill after the southbound truck driven by Kuhn rounded a curve. It is undisputed that the automobile left its proper lane of travel and struck the oncoming truck head-on while the truck was traveling on its proper side of the highway.
Plaintiff’s narrative of the events and circumstances preceding the collision is, in substance, that after decedent began driving he commenced berating and cursing plaintiff while at the same time pleading for a reconciliation. Decedent ultimately became so excited and upset that he began to cry. He insisted upon a reunion and to emphasize his demands removed his hands from the steering wheel of the automobile and attempted to pull plaintiff nearer to him upon the seat of the car. At this point decedent lost control of the vehicle. The car then left the highway and went onto the right shoulder of the road. After decedent successfully regained the highway, the right front tire of the automobile sustained a blowout causing decedent to lose control following which the car went into the left or opposite lane of travel and collided head-on with the approaching truck.
It is plaintiff’s contention that the proximate cause of the accident was the negligence of decedent in diverting his attention from his driving which deviation set off the chain of events culminating in the collision. More precisely, plaintiff maintains that the blow-out did not cause decedent to lose control of the vehicle but rather that his inattention caused the vehicle to leave the highway and that in leaving the roadway the tires of the vehicle came in contact with some object which caused the blowout. Stated otherwise, plaintiff contends that but for the negligence of decedent in causing the car to leave the roadway, the blowout would never have occurred.
Joseph T\ Kuhn, driver of the southbound truck involved in the accident, testified that he was rounding the curve traveling at a lawful rate of speed and accompanied by his young son. As Kuhn rounded the curve he observed the oncoming De-Soto automobile traveling in its right or proper lane of travel. He heard the noise of the blowout and immediately began to notice the car “tremble”. He further stated that following the blowout the oncoming vehicle began to “shimmy” to such extent its driver lost control and as a result the car went into the left or southbound lane. Kuhn attempted to drive to his right to avoid contact with the oncoming automobile but the vehicles were so near each other he could not avert the impending accident. Kuhn had the automobile in full view before the blowout occurred. He was positive it did not run off the highway onto the right shoulder and that immediately following the blowout the car began to “tremble” and head into the left or southbound traffic lane.
Trooper Julius C. Willie, called to investigate the accident, testified that there appeared some evidence of tracks on the right shoulder of the highway from which he deduced that the DeSoto automobile had gone off the road on that side before the impact. He further testified (without objection) that during his investigation conducted at the scene, decedent, Ard, told him that the blowout had caused him to lose control of the automobile.
James E. Goff, Deputy Sheriff, called as a witness on defendant’s behalf, stated (without objection) that upon questioning decedent Ard in the hospital following the accident, said decedent told him that he had a blowout which caused him to lose control of the vehicle.
The record shows without contradiction that the automobile in question was purchased by plaintiff in her own name, with her own funds and that she had complete charge of the maintenance and care thereof. It further appears that prior to the date of *908 the accident decedent Ard had never driven the vehicle. Plaintiff acknowledged that she had never inspected the tires since her purchase of the vehicle more than one year prior to the accident. The record contains uncontradicted testimony to the effect that the tires on the car were, for all practical purposes, completely worn out and so defective as to render the vehicle’s operation patently dangerous with such faulty tires thereon.
Predicated upon the foregoing testimony, our learned brother below concluded plaintiff did not discharge the burden incumbent upon her of proving that the accident occurred because of negligence on the part of decedent Ard. tie further concluded the evidence disclosed the accident to have resulted solely from the defective condition, of the tires which resulted in the blowout causing decedent to lose control of the vehicle and that until the blowout occurred decedent was in full control of the automobile. Lastly, he concluded that plaintiff was negligent in continuing to use the vehicle despite the badly worn tires with which it was equipped.
In seeking reversal of the adverse judgment, plaintiff relies principally upon that line of jurisprudence establishing the rule that a motorist who leaves his proper lane of travel and becomes involved in an accident while traveling in the wrong lane, bears the burden of exculpating himself from the presumption of negligence which attends his proceeding in the wrong lane of travel. More particularly, plaintiff relics upon Wilson v. Kelly, La.App., 138 So. 2d 837.
It is elementary that the presumption relied upon by plaintiff is a rebuttable one.
Obviously, the instant case turns upon the credibility of the two eye witnesses to the tragedy, namely, plaintiff and Kuhn, driver of the truck involved in the unfortunate accident. The versions of the accident related by these witnesses is irreconcilable. Plaintiff testified unequivocally the car left the highway and went onto the right shoulder before the blowout occurred. On the other hand, Kuhn, whose testimony reveals that he clearly had the oncoming car in view prior to the blowout, stated that he observed the approaching vehicle in its proper lane of travel ,and then heard the noise of the blowout whereupon the car began to travel toward the left or southbound traffic lane.
In dismissing plaintiff’s demand upon the finding that decedent Ard was free of negligence the learned trial judge unquestionably accepted the version of the accident related by Kuhn and .rejected that of plaintiff. Under the circumstances herein shown, the trial court concluded that defendant had discharged the burden of refuting any inference of negligence attending its driver’s proceeding into the wrong or improper lane of travel. With such conclusion we are in agreement. In addition, our esteemed brother below also found that the cause of the accident was the blowout of the defective tire causing decedent Ard to lose control of the vehicle. We are also in accord with this latter finding. In any event, we are not prepared to hold, on the basis of the present record, that such conclusions were manifestly erroneous.
In the court below defendant excepted to petitioner’s demands for damages for pain and suffering endured by the child prior to his death and also to plaintiff’s demand for damages for loss of love, affection and companionship of the child by virtue of his alleged wrongful death. Defendant’s said exception is predicated upon the rule established in McDowell v. National Sur. Corp., La.App., 68 So.2d 189, and Rodriguez v. State Farm Mut. Insurance Co., La.App., 88 So.2d 432, to the effect that, insofar as concerns the claims of third persons, the negligence of an omnibus insured under an automobile liability policy is imputable to the owner and named insured therein. In this connection defendant maintains that since title to the DeSoto automobile was in plaintiff and plaintiff was the named in *909 sured under the policy issued thereon by defendant herein, the negligence of decedent Ard is imputable to plaintiff and bars her recovery herein. The trial court overruled defendant’s said exception and defendant has reurged same on appeal.
While the McDowell and Rodriguez cases do hold as defendant contends, namely, that the owner and named insured under a policy of automobile liability insurance is charged with the negligence of an omnibus insured insofar as .regards the claims of third persons, said principle is without application herein because the instant matter is clearly distinguishable from the cited authorities.
A careful reading of the quoted decisions reveals that to impute the negligence of the omnibus insured to the owner and named insured, the claim asserted must be that of a third party and the omnibus insured must be operating the vehicle under such circumstances as to constitute him the agent of the owner and named insured.
In the instant case plaintiff has in effect asserted three separate and distinct causes of action, namely: (1) a claim of damages for her own personal injuries; (2) demand for the pain and suffering experienced by the minor child prior to his demise, and (3) claim for loss of love, companionship and affection occasioned by the child’s death. As regards her claim for personal injuries and the pain and suffering sustained by the child prior to death, plaintiff’s demands were not those of a third party but her own. It is settled law that an owner and named insured may sue his insurer for personal injuries caused by the negligent operation of the insured vehicle by an omnibus insured. Hardtner v. Aetna Casualty & Surety Co., La.App., 189 So. 365; Burge v. Windolph, La.App., 79 So.2d 912.
As hereinabove shown, it is conceded the automobile was community property purchased in plaintiff’s own name with funds earned during the existence of the marriage. The fact that record title to the vehicle was in plaintiff wife is of no consequence — inasmuch as the automobile belonged to the community, decedent Ard, as head and master thereof, was entitled to its use at will. In addition, that the parties were at the time jointly engaged in a community mission is hardly open to doubt. We can think of no mission more vital to the community relationship existing between husband and wife than a mutual effort to preserve the very existence of the marriage and the community of acquets and gains incident thereto. In the performance of such a community mission jointly by husband and wife, under the circumstance shown, the status of decedent 'Ard was that of head and master of the community in which capacity he was the principal rather than agent.
It follows that the learned trial court properly overruled defendant’s exception with regard to plaintiff’s claim for her own personal injuries as well as for damages sought for the pain and suffering of the child prior to his death.
It also follows that the judgment of the trial court was eminently correct and, accordingly, the same is affirmed.
Affirmed.