169 So.2d 537 (1964)
L. Nelson BARDWELL
v.
ENGLAND TRANSPORTATION COMPANY, Inc.
No. 1615.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1964.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Pat W. Browne, Jr., and Ignatz G. Kiefer, New Orleans, for defendant-appellants
Jackson & Hess, Leonard A. Washofsky, New Orleans, for plaintiff-appellee.
Christovich & Kearney, Alvin R. Christovich, Sr., New Orleans, for Transport Ins. Co., third-party defendant-appellant.
Before REGAN, YARRUT, and BARNETTE, JJ.
REGAN, Judge.
Plaintiff, L. Nelson Bardwell, filed this suit against the defendant, England Transportation Company, Inc., endeavoring to recover the sum of $28,000.00 representing damages for personal injuries incurred by him as the result of the negligence of the defendant and its employees in unloading a truck owned by his employer, Strickland Transportation Company.
England Transportation Company, Inc., answered and denied the existence of any negligence on its part and alternatively accused the plaintiff of contributory negligence.
Through a series of unusually intricate third party actions, which we shall discuss in sufficient detail hereafter, Transport Insurance Company, the liability and workmen's compensation insurer of the Strickland Transportation Company, and Liberty Mutual Insurance Company, the liability insurer of England Transportation Company, Inc., were made party defendants.
*538 In addition thereto, the Transportation Insurance Company intervened in plaintiff's suit against England Transportation Company, Inc., endeavoring to recover compensation which it had paid to him.
After a trial on the merits was consummated, judgment was rendered in favor of the plaintiff against England Transportation Company, Inc., and Liberty Mutual Insurance Company, England's insurer, in the amount of $4,500.00. Judgment was also rendered in favor of England, as third party plaintiff, against Transport Insurance Company as third party defendant, in the sum of $4,350.00, and in favor of Transport Insurance Company as the compensation insurer of Strickland Transportation Company, and against England Transportation Company, Inc., and its liability insurer, Liberty Mutual Insurance Company, in the amount of $932.76 which represented reimbursement of payments made to plaintiff pursuant to the Louisiana Workmen's Compensation Act.
From the foregoing judgment Transportation Insurance Company, England Transportation Company, Inc., and Liberty Mutual Insurance Company have prosecuted this appeal.
The record reveals that the plaintiff was employed as a truck driver for Strickland Transportation Company. On December 7, 1961, he drove his employer's vehicle to the loading platform of England Transportation Company, Inc., to deliver several crates containing heavy transformers, which varied in weight from 700 pounds to 1900 pounds. Plaintiff was ordered by England's foreman to position himself behind the vehicle, together with a small hand truck, in order to receive the transformers when they were moved out of the rear thereof by four of England's employees. No fork-lift or other mechanical unloading device was furnished by England.
One 700-pound transformer was unloaded without incident. However, when four of England's employees were in the process of easing or "walking" the 1900-pound crate from the rear of the vehicle, they lost control thereof, and it fell upon the hand truck causing plaintiff to be pinned beneath it, resulting in the injuries which provoked this litigation.
When the plaintiff filed suit against England, Transport Insurance Company intervened therein in order to recover $932.72 it had expended in the plaintiff's behalf for compensation paid and medical expenses.
Since Transport Insurance Company was also the liability insurer of Strickland Transportation Company, England filed a third party petition, explaining therein that its employees were omnibus insureds under the "loading and unloading" clause of Transport's liability policy, and requested the rendition of a judgment against Transport in the event England should be held liable to the plaintiff. In turn, Transport Insurance Company instituted its own third party action against Liberty Mutual Insurance Company, the liability insurer of England, requesting indemnification on the ground that plaintiff's injuries were caused by England and its employees. In the alternative, Transport requested that Liberty Mutual be declared a co-insurer of England, and that the damages be divided between them.
The lower court found that the accident was caused by virtue of the negligence of England and its employees. Suffice it to say, the record reveals that the transformer was handled improperly by England's work crew, and that the company itself was negligent in omitting to supply adequate equipment, such as a forklift, to unload such heavy materiel. In conformity with the rationale emanating from the case of Spurlock v. Boyce-Harvey Machinery, Inc.,[1] it is quite clear that the proper safeguards for the protection of business visitors on the premises were not exercised by England in this instance.
*539 Transport Insurance Company insists that the trial judge erred in concluding that it was liable to the plaintiff for the negligence of England's employees. The lower court decided that England's employees were omnibus insureds under the "loading and unloading" clause of Transport's liability policy, and thus reasoned that it was liable to plaintiff for their negligence. Transport concedes that if the plaintiff was not the employee of its insured, it would be the omnibus insurer of England's employees. However, Transport points to (1) an exclusion in its policy removing from coverage any obligation for which the insured or its carrier may be held liable under a workmen's compensation law, and (2) an exclusion removing from coverage bodily injuries to an employee of the insured. These exclusions, it contends, militate against coverage since the plaintiff is an employee of its insured, and because it and its insured were liable to pay plaintiff workmen's compensation benefits.
This vexatious question was posed for our court's consideration in Pullen v. Employers' Liability Assurance Corp.,[2] and after an analysis of similar policy provisions we reasoned that they excluded coverage. However, the Supreme Court[3] saw fit to reverse the judgment of this court and interpreted the clauses in question so as not to bar recovery by an employee of the named insured when the cause of action is predicated upon the negligence of the omnibus insured, if there is no employer-employee relationship between the injured person and the omnibus insured. While this court, intellectually, adheres to its initial solution of the problem, we are compelled to follow the more recent rationale emanating from the Supreme Court and to conclude therefrom that Transport is liable to plaintiff for the negligence of England's employees under the "loading and unloading" clause of its liability policy.
Transport has endeavored to distinguish the Pullen case from this case by pointing out that in Pullen the liability and workmen's compensation insurers were separate entities, whereas in this case it is both the liability and compensation insurer of plaintiff's employer. To reiterate, for the purpose of emphasis, Transport argues that Pullen is distinguishable because in that case the insurer issuing the policy containing the employee exclusion clause was not also the compensation insurer. However, after carefully considering the validity of this argument we are in accord with the lower court's reasoning that the distinction is not sufficient to warrant a different result herein.
Finally, both Transport and Liberty Mutual attack that part of the judgment which decreed both companies to be co-insurers and divided the damages on a basis of 30 to 1 in conformity with the co-insurance clauses contained in both policies. In Spurlock v. Boyce-Harvey Machinery, Inc.,[4] the court was of the opinion that when a company is of itself negligent (as opposed to liability existing under the doctrine of respondeat superior) its insurer becomes a co-insurer together with the omnibus insurer of the company's employees, and the damages for which they are liable are prorated between them in proportion to the amounts of their exposure under the respective policies of insurance. In this case, the policies read as follows:
"OTHER INSURANCE If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; * * *".
Since we have already concluded that England as well as its employees were negligent, *540 Liberty Mutual's argument that it is not liable as a co-insurer is of no avail. Moreover, the fact that both policies possessed limits of liability greater than the amount of the judgment does not serve to substantiate Transport's contention that the award should be divided equally between the two companies. The policies provide for a proportional division of damages in case of co-insurance and since Transport's liability limit was $3,000,000.00 and Liberty Mutual's was $100,000.00, the ratio of 30 to 1 employed by the trial judge was correct.[5]
For the foregoing reasons the judgment of the lower court is affirmed. Appellants are to pay all costs.
Affirmed.
NOTES
[1] La.App., 90 So.2d 417 (1956).
[2] La.App., 72 So.2d 353 (1954).
[3] 230 La. 867, 89 So.2d 373 (1956).
[4] 90 So.2d 417 (1956).
[5] See Spurlock v. Boyce-Harvey Machinery, Inc., supra.