204 So.2d 655 (1967)
Laurier HEBERT, Plaintiff-Appellant,
v.
NORTH BRITISH AND MERCANTILE INSURANCE CO., Ltd., et al., Defendant-Appellee.
No. 2170.
Court of Appeal of Louisiana, Third Circuit.
November 29, 1967.
Rehearing Denied December 28, 1967.
Writ Refused February 2, 1968.
*656 Landry, Watkins, Cousin & Bonin, by Jacob D. Landry, New Iberia, for plaintiff-appellant.
Voorhies, Labbé, Fontenot, Leonard & McGlasson, by David S. Foster, Lafayette, for defendant-appellee.
Before FRUGÉ, SAVOY and HOOD, JJ.
FRUGÉ, Judge.
This case comes to us as an appeal from the trial court's granting a summary judgment in favor of the defendant insurance company and against the claim of the plaintiff, denying plaintiff recovery for personal injuries from his insurer under a contract of liability insurance.
The facts and issue of law to be determined here were pointed out by the trial court in his reasons for judgment as follows:
"The plaintiff in this suit is suing for personal injuries and property damage suffered by him as a result of the collision between his 1963 Chevrolet automobile, in which he was riding as a guest passenger, and what was being driven by Winfred Mertens, with a 1953 Ford automobile owned and being driven at the time by Robert J. LeBlanc. The defendants are Robert J. LeBlanc, the driver of the adverse vehicle, Winfred, Mertens, and North British and Mercantile Insurance Company, Limited, Mercantile Insurance Company of America and Commercial Union Insurance Company of New York.
"The above named insurance companies through Commercial Union Insurance Group, upon the application of Laurier Hebert, issued to him a public liability and property damage insurance policy covering the said 1963 Chevrolet automobile owned by Laurier Hebert, the plaintiff herein. Laurier Hebert, the named insured in said policy of insurance was by the terms of said policy of insurance personally excluded from driving the vehicle due to certain physical disabilities.
"The above named insurance companies filed a motion for a summary judgment in their favor on the ground that there are no genuine issues of fact pertaining to their alleged liability for the damages suffered by the plaintiff as the result of the said automobile collision and *657 under the provisions of the said policy of insurance sued upon, they are not liable to plaintiff for the damages so suffered by him.
"The said defendants in their motion for a summary judgment in their favor rely upon the following provision of said policy of insurance:
`Section AThird Party Liability
The insurer agrees to indemnify the insured, his succession or his administrators, and in the same manner and to the same extent as if named herein as the insured, every other person who with the consent of the insured, or the consent of an adult member of the insured's household other than a chauffeur or domestic servant, personally drives the automobile, against the liability imposed by law upon the insured or upon any such other person for loss or damage arising from the ownership, use or operation of the automobile within Canada, United States of America or upon a vessel plying between ports thereof and resulting from bodily injury to or death of any person or damage to property; provided always that the insurer shall not be liable under this section:

(b) For loss or damage resulting from bodily injury to or the death of (I) the son, daughter, wife or husband of any person insured by this policy while being carried in or upon, entering, getting onto, or alighting from the automobile; or (II) any person insured by this policy;'

(Emphasis supplied.)"
The plaintiff in this case is the named insured of the policy of insurance sued on, and he is, therefore, apparently one of the insured persons excluded by the above-quoted provisions of the policy from recovering for any damages sustained by him while riding in his automobile even though at the time he was a guest passenger in his own automobile.
The insurance policy in question, generally referred to as an automobile liability policy, is basically designed to protect the named insured against any liability that may be imposed upon him while he is operating his automobile (also insured by the policy).
The precise issue here is whether or not this plaintiff, the named insured, can collect from his insurer under the provisions of this automobile liability insurance policy in spite of the language of the exclusion clause in the policy providing "that the insurer shall not be liable under this section: (b) For loss or damage resulting from bodily injury to or the death of (II) any person insured by this policy. * * *" The question then becomes whether or not, under a reasonable interpretation of the language of the policy, the named insured is also "any person insured by this policy" within the design of the liability exclusion clause of this policy.
Insurance contracts are bilateral agreements to which the general rules of interpretation as outlined by Civil Code Articles 1945 through 1962 apply. Briefly stated, these contracts should be given a sensible interpretation, compatible with the design and intent of the parties; but any uncertainty or ambiguity in their provisions should be construed against the insurer. See Hemel v. State Farm Mut. Auto. Ins. Co., 211 La. 95, 29 So.2d 483 (1947); Zurich Ins. Co. v. Bouler, 198 So.2d 129 (La. App. 1st Cir. 1967); King v. Mason, 95 So. 2d 705 (La.App. 2d Cir. 1957).
We are of the opinion that under a sensible interpretation of this insurance policy, giving effect to its design and purpose, the named insured is not a person whom the insurer agreed to indemnify for any loss that he may sustain. In the first place, the liability which the insured contemplates covering on behalf of the insured is "third party liability". This is the title of "Section A" under which section the named insured is seeking to recover from his insurer. It strains reason to conceive of the named *658 insured as a third party to this insurance contract.
Although there are a number of cases which have permitted the named insured under a liability insurance policy to recover for personal injuries against the insurer[1] Pullen v. Employers' Liability Assurance Corp., 230 La. 867, 89 So.2d 373 (1956); McDowell v. National Sur. Corp., 68 So.2d 189, La.App. 1st Cir. (1953); Bardwell v. England Transportation Co., 169 So.2d 537, La.App. 4th Cir. (1964); Rodriguez v. State Farm Mut. Ins. Co., 88 So.2d 432, La. App. 1st Cir. (1955); Ard v. Fidelity and Cas. Co. of N. Y., 148 So.2d 905, La.App. 1st Cir. (1963)we have been able to find no Louisiana case involving this same exclusion clause as found in this Canadian automotive liability insurance policy.
The appellant relies principally upon the Pullen and Bardwell cases, supra, as authority for the proposition that where the exclusion clause follows an omnibus clause, the word "insured" as stated in the exclusion clause is held to apply only to the omnibus insured and not to the named insured. The Bardwell case is virtually identical to the Pullen case; and the appeal court in Bardwell specifically followed the mandate of the Supreme Court as enunciated in Pullen.
In the Pullen case, Pullen was an employee of the company insured by the defendant liability insurance company. The injuries sustained by Pullen were incurred through the negligence of a third person operating machinery owned by the company for which Pullen worked. Under the policy provisions, the person causing the injury to Pullen was insured under the omnibus clause of the policy. The policy of insurance contained exclusion clauses exempting from covering any liability where (1) "the insured" might be liable under a workmen compensation law and (2) where the injury has occurred to an employee of "the insured". The Supreme Court reversed the decisions of the trial court and the appellate court which had rejected the claims of the plaintiff under the policy of insurance. In a close decision, the Court in the Pullen case decided that the word "insured" in the exclusion clause referred only to the person whose acts the insurance policy insured at the particular time that the claim arose in favor of plaintiff. Whereby, the court concluded that Pullen was not an employee of the person "insured" (a third party) whose negligence caused his injury. Excerpts from the opinion exemplified the court's reasonings in this regard.
"It thus becomes evident that the meaning given to the unqualified word `insured' in the omnibus clause does not necessarily apply in, and can hardly extend to, the exclusion clause * * *."
* * * * * *
"Thus, in the omnibus clause the word has the comprehensive meaning of that clause in accordance with its language, purpose and design, while in the exclusion clause it bears the stamp and import of that particular clause and has a restrictive meaning. In the final analysis, it is the meaning of the clause, rather than that of a single word, that requires interpretation."
* * * * * *
"The exclusion clause must necessarily be examined and interpreted in the light of its own design and intent, as well as in view of the objects and purposes of the policy. Once coverage has been extended, as it is quite clearly the purpose of the policy to do so and as has been done here, it should be withdrawn only when exclusion is established with certainty. * * * [The exclusion] is specific, as distinguished from comprehensive, when it particularly identifies the insured or insureds intended to be excluded."
*659 In viewing the design of the exclusion clause, the court said:
"The basis for exclusion * * * is the existence of an employer-employee relationship between the insured and the injured, and identification of the insured as employer. The undisputed facts presented for consideration under the exceptions show that there was no relationship whatsoever between Mitchell and the decedent Pullen, which circumstance emphasizes total lack of any relationship between them as employer and employee, the sine qua non for exclusion."
In the instant case, the above quoted policy considerations are inapplicable, since it is our opinion that the contract of insurance itself is designed only to cover liability to third parties and not to the named-insured therein. Furthermore, we are of the opinion that the language in the exclusion clause is clear and certain in that it specifies that no person insured by the policy shall recover under its provisions for personal injuries. Unlike the Pullen case, the insurance policy here does specifically exclude the plaintiff by its terms: "that the insurer shall not be liable * * * for loss or damage resulting from bodily injury to * * * any person insured by this policy." Even reading this clause restrictively and favorably as to the plaintiff, we can find no ambiguity or uncertainty expressed therein. Although under the Pullen case, the words "the insured" was found to refer only to the omnibus insured, we do not see how the words "any person insured by this policy" can be reasonably interpreted to refer to only the particular person at fault in causing the accident in question here. We are convinced that the design and purpose of this liability policy is to exclude any person covered by the policy from recovering for his personal injuries under its provisions and that plaintiff is a person insured by the policy. We find nothing against public policy in such a provision, and therefore, this exclusion must be deemed valid and binding upon the parties to the contract.
Under this view, we are of the opinion that the contract of insurance did exclude the plaintiff, the named-insured, from coverage, with certainty and particularity. Therefore, the trial court's granting a summary judgment in favor of the defendant insurance companies was not improper.
For the foregoing reasons the judgment of the trial court is affirmed, and the plaintiff, Laurier Hebert's action is dismissed. The costs of this appeal shall be assessed against the plaintiff-appellant, Laurier Hebert.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] For a thorough discussion of this issue see Hardtner v. Aetna Casualty & Surety Co., 189 So. 365 (La.App. 2d Cir. 1939).