CULPEPPER, Judge.
This is a suit for damages for personal injuries. The plaintiff, Charlie McLain, was unloading his own log truck at the lumber mill of Hillyer, Deutsch, Edwards, Inc. in Oakdale. A log rolled off of the truck and struck him. Named as defendants are (1) Alex Orgeron, the operator of a fork-lift which allegedly struck the truck and caused the log to fall, (2) Zurich Insurance Company, the insurer of McLain’s log truck under a comprehensive automobile liability policy issued to Hillyer, Deutsch, Edwards, Inc., as the named insured, and covering generally all of the trucks owned or used by this lumber company’s log haulers, Alex Orgeron being an alleged omnibus insured under this policy under the coverage of accidents while loading and unloading the insured vehicle.[1]
The defendants, Alex Orgeron and Zurich Insurance Company, filed separate motions for summary judgment which were sustained by the district court. Plaintiff appealed.
I. THE LAW APPLICABLE TO SUMMARY JUDGMENTS
LSA-C.C.P. Article 966 provides in pertinent part:
“The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue *150 as to material fact, and that mover is entitled to judgment as a matter of law.”
Jurisprudence interpreting this statute has established certain basic principles. In ruling on a motion for summary-judgment, the function of the court is not to determine the merits of the issues involved or whether it is likely or unlikely that plaintiff may recover. The only question is whether there is a genuine issue of material fact. The burden is on the mover to show there is no such issue. Any doubt must be resolved against the granting of a summary judgment. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Greene v. Travelers Insurance Company, 212 So.2d 737 (La.App.3rd Cir. 1968).
II. MOTION FOR SUMMARY JUDGMENT FILED BY ALEX ORGERON
Alex Orgeron contends that the pleadings, depositions, affidavits, etc. in the record show there is no genuine issue of material fact and that under the facts shown he is free of negligence.
It is undisputed that plaintiff drove his truck into the mill yard, stepped down from the cab and went to the left rear of the truck, where he removed the chains from the load of logs. He started back toward the front of the truck, walking along the left side, thereof, and was then struck by a log which fell from the truck.
Plaintiff’s contention is as follows: He states in his deposition that when he arrived at the yard the fork-lift was assisting another truck to unload. The operator, Alex Orgeron, motioned plaintiff where to park. McLain spotted his truck, got out and went to the left rear and released the chains. He was walking back along the left side of his truck, toward the front, when the fork-lift, which was originally on the right-hand side of the truck, started to drive around the rear to reach the left side from which the logs were to be unloaded. In doing so, it struck the truck and caused the log to fall. McLain did not see the forklift strike the truck, nor was he able to produce any witness who did. However, he testified in his deposition that he had a small load of logs, that the standards on his truck were well above the top of the load and it was impossible for a long to roll off the top.
Alex Orgeron gave conflicting versions of the accident. He denied having given any signal to McLain as to where to stop for unloading. In an affidavit dated March 1, 1968 (the accident was on February 10, 1967) he said that after McLain parked his truck, Orgeron “started to drive around the back of the truck” when a log loaded above the standards rolled off and struck plantiff. However, in a deposition taken March 8, 1968, Orgeron gave different testimony. He said he was not moving the fork-lift toward the truck at the time of the accident. He was sitting on the forklift, 25 or 30 feet from the left side of the truck, watching McLain release the chains. After McLain removed the chains and started back toward the cab of the truck, a log rolled off the top and struck him.
Of course, these conflicting statements raise questions as to Orgeron’s credibility. On a trial of the merits, with the benefit of cross-examination of Orgeron, a serious question of fact could arise as to whether the accident did indeed occur as plaintiff contends.
Under the circumstances, there is a genuine issue of material fact. It may be that plaintiff has little evidence to support his position. However, this is not the question. The sole question is whether there is an issue of material fact. Any doubt in this regard must be resolved against the mover. We think clearly there is a doubt and that this case must be tried on its merits.
III. MOTION FOR SUMMARY JUDGMENT BY ZURICH INSURANCE COMPANY
The motion for summary judgment filed by Zurich Insurance Company is based on *151 a coverage defense. The pleadings, depositions, and affidavits in the record show without question that the accident occurred on premises owned and controlled by Hill-yer, Deutsch, Edwards, and that it is the employer of Alex Orgeron, operator of the fork-lift whose negligence is alleged to have caused the log to fall from the truck. Zurich contends that endorsement No. 13 in the policy excludes coverage with respect to accidents which occur on the premises of the employer or named insured, as to claims against the employees of said named insured. We find we are unable to agree with this contention. The policy provisions are clearly to the contrary.
As stated above, the policy in question is a comprehensive automobile liability policy, issued to Hillyer, Deutsch, Edwards, Inc. as the named insured, and specifically covering the truck owned by the plaintiff, McLain. Under Insuring Agreements, I, the insured is covered as to liability for bodily injury arising out of the “ownership, maintenance or use of any automobile.” The policy also, of course, contains the usual omnibus insured clause, covering persons using the automobile with permission of the named insured. Under “Conditions” paragraph IV (c) it is stated that “Use of an automobile includes the loading and unloading thereof.” Thus, under these provisions, it is clear that Alex Orgeron is an omnibus insured. He was allegedly unloading the log truck with the permission of the named insured.
Zurich contends that, by special endorsement, loading or unloading accidents are excluded where they occur on the premises of the employer of the person against whom the suit is filed. Endorsement No. 13 reads in pertinent part as follows:
“LIMITATION OF ADDITIONAL INTEREST — LOADING AND UNLOADING
“This endorsement is effective concurrently with the policy to which it is attached.
“It is agreed that the insurance for Bodily Injury Liability and Property Damage Liability with respect to automobiles, does not apply to injury, sickness, disease, death or destruction which arises out of the loading or unloading of an automobile, if the accident occurs on premises (including the ways immediately adjoining) owned, rented or controlled either by the person or by the employer of the person against whom claim is made or suit is brought for such injury, sickness, disease, death or destruction. This limitation does not apply with respect to claims made or suits brought against the following insureds:

“(b) A bailee or borrower of the automobile or an employee of either of them or of the named insured;” (emphasis supplied)
A mere reading of Endorsement No. 13 quoted above, shows that the opening paragraph excludes loading and unloading accidents on the premises of the employer of the person against whom the suit is .filed. In this case the employer is Hillyer, Deutsch, Edwards and the person against whom the suit is filed is its employee, Alex Orgeron. Thus, the opening paragraph would indeed exclude the accident in question.
However, the endorsement then states that this limitation does not apply with respect to suits filed against an employee of the named insured. It seems clear to us that this means the exclusion does not apply where the suit has been filed against an employee of Hillyer, Deutsch, Edwards. Alex Orgeron was an employee of Hillyer, Deutsch, Edwards and hence the exclusion does not apply. The motion for summary judgment filed by Zurich must therefore be denied.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All *152 costs of this appeal are assessed against the defendants appellees. Costs in the lower court to be determined upon final adjudication of the case.
Reversed and remanded.
On Application for Rehearing.
En Banc. Rehearing denied.
MILLER, J recused.

. It is noteworthy that Hillyer, Deutsch, Edwards is not named as a party defendant. According to the pleadings, this lumber company is already paying the plaintiff workmen’s compensation, this being plaintiff’s exclusive remedy against it.