SAVOY, Judge.
From an adverse decision of the trial court plaintiff has appealed devolutively contending that a motion for summary judgment should not have been granted *588 in favor of one of the defendants, Reliance Insurance Company.
Plaintiff’s petition alleges that on July 8, 1966, while standing on the side of a log truck owned by his employer and assigned to him, he was injured when a log fell from the truck striking his left foot causing a resultant amputation of same. Named as defendants were Vancouver Plywood Company, Inc.; Dwayne Clark, an employee of Vancouver; Travelers Insurance Company, the liability insurer of Vancouver; and, John Doe, an unidentified employee of Vancouver.
In a supplemental and amending petition filed by plaintiff, Reliance Insurance Company was named a defendant as it had issued a public automobile liability insurance policy to James F. Porteau, plaintiff’s employer. The theory behind the joining of Reliance as a defendant was that the employees of Vancouver were considered omnibus insureds under the automobile liability policy, and thus plaintiff had a cause of action against Reliance under the loading and unloading clause of the automobile policy.
The pertinent portion of the automobile insurance policy provides as follows:
“LIMITATION OF ADDITIONAL INTERESTS — LOADING AND UNLOADING
“It is agreed that the insurance for Bodily Injury Liability and Property Damage Liability does not apply to injury, sickness, disease, death or destruction which arises out of the loading or unloading of an automobile, if the accident occurs on premises (including the ways immediately adjoining) owned, rented or controlled either by the person or by the employer of the person against whom claim is made or suit is brought for such injury, sickness, disease, death or destruction. This limitation does not apply with respect to claims made or suits brought against the following insureds: * * * (b) a bailee or borrower of the automobile or an employee of either of them or of the named insured; * * ‡ »
Counsel for plaintiff, in urging reversal of the summary judgment entered in favor of Reliance Insurance Company, argues that the following cases should be controlling: Pullen v. Employers’ Liability Assurance Corp., 230 La. 867, 89 So.2d 373; Bardwell v. England Transportation Company, 169 So.2d 537 (La.App. 4 Cir. 1964); and, McLain v. Zurich Insurance Company, 220 So.2d 148 (La.App. 3 Cir. 1969.)
We feel the motion for summary judgment was correctly decided by the district court, and that the cases cited by appellant are distinguishable from the case before us.
In the Pullen case, supra, our Supreme Court held that the decedent’s widow had a cause of action against his employer’s liability insurer where the policy in question excluded bodily injury or death of any employee of the insured while engaged in the employment of the insured insofar as there was an independent contractor whose negligent act caused the fatal accident. For purposes of the policy, the said independent contractor was treated as an omnibus insured, and since the decedent was not in the employ of the contractor, the exclusion did not apply.
In the Bardwell case, supra, plaintiff was working for Strickland Transportation Company when he was injured through the negligence of employees of England Transportation Company, Inc. He brought suit against England’s insurer, Liberty Mutual Insurance Company, with Strickland’s workmen’s compensation insurer, Transport Insurance Company, intervening to recover compensation benefits previously paid. A third-party action was then filed by England against Transport claiming England’s employees were omnibus insureds under the “loading and unloading” clause of Transport’s liability policy. The court agreed and held both insurers jointly.
In McLain, supra, an almost identical insurance policy provision to that in the *589 case before us was involved and this Court held that the exclusion did not apply since the negligent act was caused by an employee of the named insured, who became an omnibus insured.
None of the three above discussed cases contained facts similar to the case at bar, and since the accident occurred on premises owned by the employer of the person against whom the suit was filed for the injury (Dwayne Clark) and because suit was not instituted against an employee of the named insured, the only way for plaintiff to have a cause of action here is if Vancouver or its employees could be classified as a bailee or borrower of the truck.
Our Civil Code articles dealing with deposit are similar to a bailment situation in common law states. Civil Code Article 2926 defines deposit as “ * * * an act by which a person receives the property of another, binding himself to preserve it and return it in kind.” Our jurisprudence has recognized that “depositor” is generally synonymous with the term “bailor”, and “depositary” is generally synonymous with the term “bailee”. Bond v. Helmer, 215 So.2d 355 (La.App. 4 Cir. 1968).
The facts before us are not indicative of a bailment situation. No work or repairs were performed on the truck by any employees of Vancouver nor was the truck driven for any distance by any of Vancouver’s employees. From the instance of the truck’s arrival at Vancouver, sole possession was retained by plaintiff at all times, and as soon as the logs were unloaded, plaintiff’s sojourn at Vancouver was to end.
For the reasons assigned the judgment appealed from is affirmed at plaintiff’s costs.
Affirmed.