LOTTINGER, Judge.
This suit was originally filed by Bobby L. Jones, as petitioner, against Ronald D. Murray and Allstate Insurance Company, hereafter referred to as Allstate, as defendants insólido. Allstate was the uninsured motorist insurance carrier on the Jones vehicle. By amended petition, the City of Baton Rouge, hereafter referred to as City, Ronald L. Alford and Robert L. Gill, were made party defendants. The suit is for damages resulting from an automobile accident.
A motion for a summary judgment was filed by City, Ronald L. Alford and Robert L. Gill, and said motion was sustained by the Lower Court and these three defendants were dismissed from the suit. Petitioner has appealed.
This suit was originally consolidated for purposes of trial below with companion suit entitled Jones v. Murray and Allstate Insurance Company, 250 So.2d 484. A similar judgment in the companion suit was rendered by the Lower Court. We will treat both suits in this opinion, however, separate judgments will be rendered.
On or about May 9, 1968, petitioner, Bobby L. Jones, was riding as a guest pas *482 senger of his brother, Leonard E. Jones, in an automobile owned and operated by Leonard E. Jones. They were involved in a collision with a 1965 Ford automobile being driven by defendant, Ronald D. Murray, at the intersection of North 22nd and Main Streets in Baton Rouge, Louisiana. Leonard E. Jones was fatally injured as a result of the accident and his wife, Katherine C. Jones, petitioner in the companion suit, brought said action on behalf of herself and her minor children. Bobby L. Jones, petitioner herein, brings this suit on his own behalf.
Subsequent to the accident, suits were filed naming Ronald D. Murray and Allstate as defendants. Shortly thereafter, petitioners amended their petitions also naming as defendants, the City, Robert L. Gill and Ronald L. Alford, employees of the City of Baton Rouge, as additional defendants, claiming that the City was negligent through the acts and omissions of its said employees as police officers.
The City, Ronald L. Alford and Robert L. Gill, filed motions for summary judgment in both cases which were granted by the Lower Court on the basis of a lack of causal connection between the occurrence of the accident and the acts of defendants, Gill and Alford. The Lower Court further found that there were no material issues of fact and as a matter of law, defendants were entitled to judgment. The petitioner has taken this appeal.
On the night of the accident, officers Alford and Gill stopped Murray in downtown Baton Rouge for alleged traffic violations. After some interrogation they allowed Murray to reenter his car and instructed him to follow them to the police station. He followed them a short distance, then turned fast and headed toward the expressway. He observed that the officers were pursuing him so he accelerated to a higher rate of speed, entered the expressway and traveled on it going the wrong way and then exited from the expressway. Shortly thereafter, the accident occurred.
In answer to a request for admissions filed by the City, Alford and Gill, the petitioner, Bobby L. Jones, admitted that he did not see the vehicle on Main Street prior to the occurrence of the accident and that he had no recollection of how the accident occurred. Appellees deposed Murray, in which deposition Murray stated that the two officers, Alford and Gill, had stopped him in downtown Baton Rouge, looked into the trunk of his automobile and instructed him to follow them to the police station. He followed them a short distance, then turned East and headed toward the expressway. He observed that the officers were pursuing him so he accelerated to a higher rate of speed, entering the expressway and traveling on it going the wrong way and then exited from the expressway at which point he thought he had evaded the officers. He testified as follows :
“I didn’t even know if they were behind me on 19th and Main. The last time I saw them behind me was where I turned off on 19th. I was going down the expressway and they come up the expressway and turned around. That was the last I saw of them until they picked me up at Fort Polk.”
The accident occurred on Main Street at its intersection with 22nd Street. In his deposition, Murray further testified as follows :
“Q. What I am getting at is when you stopped at Main and 19th and made the left turn onto Main Street at that point you weren’t aware at that time of any police chasing you?
A. No, not at that time, but just — the last time was just before I stopped; they were shooting. Well, I didn’t know they were shooting, you know, I thought it was a car back firing, but later they told me they were shooting.
Q. But as far as you know at that time—
A. At that time I didn’t
*483 Q. At that time you didn’t know there was anybody chasing you, is that right ?
A. Yes, sir.
Q. And that’s the last thing you remember before this accident occurred?
A. Yes, sir.”
On the basis of this deposition the motion for summary judgment was filed based upon the contention that any pursuit by Alford and Gill was not causally related to the occurrence of the accident since Murray was not even aware of the fact that he was being pursued.
In opposition to this motion, appellants filed an affidavit signed by Murray in which he stated that “had the police not given chase at high speeds throughout the City his actions on the evening of May 9, 1968, would have been considerably different.”
After the hearing on motion for summary judgment, the Trial Judge concluded that, on the basis of the undisputed facts, there was no negligence on the part of Alford and Gill which contributed to the cause of the accident; and that the officers were doing no more than were expected of them. Accordingly, the suit was dismissed as against the City, Alford and Gill.
Article 966 of the Louisiana Code of Civil Procedure provides that a summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
According to the evidence produced at the trial of the motion for summary judgment, the police officers, especially as testified by Murray, were not pursuing him after he turned off the expressway on 19th Street. Such being the case, we fail to see, as did the Lower Court, that the act of pursuing Murray could have been a proximate cause of the accident in question, which occurred some time later.
The affidavit of Murray, filed by petitioner to the effect that “had the police not given chase at high speeds throughout the City his actions on the evening of May 9, 1968, would have been considerably different”, really adds nothing to the position of plaintiff. The statement is really too broad to be of any effect whatsoever, and it fails to indicate that Murray would have been driving at a lawful rate of speed if he had not been previously stopped and chased by the police officials.
In support of its position, the petitioners cite McLain v. Zurich Insurance Company, La.App., 220 So.2d 148, wherein the Court said:
“In ruling on a motion for summary judgment the function of the court is not to determine the merits of the issues involved or whether it is likely or unlikely that plaintiff may recover. The only question is whether there is a genuine issue of material fact. The burden is on the mover to show there is no such issue. Any doubt must be resolved against the granting of a summary judgment.”
In that case, however, there were conflicting statements made by the parties and the witnesses to the accident, and, the Court stated that one of the witnesses, Alec Orgeron, gave conflicting versions of the accident. The Court further said:
“Of course, these conflicting statements raise questions as to Orgeron’s credibility. On a trial of the merits with the benefit of cross examination of Orgeron, a serious question of the facts could arise as to whether the accident did indeed occur as plaintiff contends.”
R.S. 32:24 sets forth various exceptions and privileges in favor of authorized emergency vehicles to the application of the Highway Regulatory Act. These provisions, however, do not relieve the driver of such a vehicle from the duty to *484 drive with due regard for the safety of all persons, nor do such exceptions protect the driver from the consequences of his reckless disregard for the safety of others.
We fail to see where there is any act of negligence on the part of the two police officers which would be a proximate cause of the unfortunate accident which occurred in this case. The evidence is uncon-tradicted to the effect that the police vehicle was not in pursuit of the vehicle driven by Murray either at the time of or shortly prior to the accident. We, therefore, find no error in the conclusions as reached by the Lower Court.
- For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioners.
Judgment affirmed.