NATIONAL AUTOMOBILE AND CASUAL-
TY INSURANCE COMPANY,
Appellant,

v.

GLENS FALLS INSURANCE COMPANY,
Appellee.

No. 704.

Court of Civil Appeals of Texas,
Tyler.

April 26, 1973.

Rehearing Denied May 10, 1973.

Stanley M. Kaufman, Oster & Kaufman, Dallas, for appellant.

L. W. Anderson of Anderson, Henley, Shields, Bradford, & Pritchard, Dallas, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment. The controversy is between two insurance companies, appellant, National Automobile and Casualty Insurance Company, and appellee, Glens Falls Insurance Company, and involves the question of whether or not the omnibus clause in an automobile liability policy issued by Glens Falls to a trucking company extended coverage to a third party for injuries sustained by a truck driver of the insured while unloading a company truck on the premises of the third party. National settled with the truck driver and sues for indemnity and reimbursement. The trial court rendered a summary judgment in favor of Glens Falls, thereby ruling that the policy did not extend coverage to the third party and National Insurance perfected this appeal. For convenience the parties will hereinafter be referred to as "National" and "Glens Falls."

The facts are not in dispute. Prior to the time this dispute arose Glens Falls had issued a comprehensive automobile liability insurance policy to Chemical Express, Inc., which company was in the business of transporting cement. On July 7, 1965, one

E. J. Friedrich, an employee of Chemical Express, Inc., was injured while in the process of unloading some dry cement from the tank truck owned by Chemical Express while said truck was situated on the premises of South End Building Materials Company in Dallas, Texas. South End Building Materials Company was insured under a comprehensive general liability policy issued by appellant, National. Friedrich filed suit against South End Building Materials for personal injuries sustained in the unloading accident. Prior to settlement of Friedrich's suit, South End Building Materials made demand upon Glens Falls to defend the lawsuit and discharge any liability of South End Building Materials Company in connection therewith, claiming that South End was an additional insured under the policy issued by Glens Falls to Chemical Express, Inc. due to the loading and unloading provision of the policy. Glens Falls refused to tender a defense or to indemnify South End Building Materials Company, and, therefore, National was forced to undertake the defense of the suit. During the course of the suit National negotiated a settlement in the amount of $42,000.00.

The present litigation was commenced when National instituted suit against Glens Falls alleging that under the policy issued by it to Chemical Express, South End Building Materials was an additional insured and that Glens Falls was therefore liable for injuries sustained by Friedrich. National sought to recover damages by way of reimbursement against Glens Falls for the $42,000.00 expended in settlement of the claim. Glens Falls answered denying generally the allegations of the petition and specially alleged that by reason of Endorsement 158D attached to its policy excluding loading and unloading coverage, the policy afforded no protection to appellant as an additional insured. Glens Falls also filed a motion for summary judgment in the provisions of Rule 166-A, Texas Rules of Civil Procedure, alleging that National has no legal cause

of action against it because at the time and on the occasion in question there existed no coverage for the accident by reason of the fact that the policy issued to Chemical Express Company contained an endorsement which excluded coverage for the accident in question; that the endorsement was attached to the policy, and had been previously approved by the State Board of Insurance of the State of Texas on the 23rd day of December, 1963. Attached to the motion was the affidavit of Ray Shelton, Jr., the agent who issued said policy, stating that Endorsement 158D was attached to and made a part of the policy, and also attached thereto was a certified copy of the order of the State Board of Insurance approving Endorsement 158D.

Appellant National made no reply to appellee's motion for summary judgment and there is nothing in the pleadings or the summary judgment evidence showing how the accident occurred or what caused Friedrich's injuries. It is without dispute that the accident occurred on the premises of South End Company.

Endorsement 158D as approved by the State Board of Insurance and attached to Glens Falls' policy reads as follows:

"158D. LIMITATION OF ADDITIONAL INTERESTS—LOADING AND UNLOADING (To be attached to all policies, except the Family Automobile Policy, which afford Automobile or Garage Liability Coverage)

\* \* \* \* \* \*

"It is agreed that the insurance for Bodily Injury Liability and Property Damage Liability with respect to accidents arising out of the ownership, maintenance or use of (the) (an) automobile(s) does not apply to injury, sickness, disease, death or destruction which arises out of the loading or unloading of an automobile, if the accident occurs on premises (including the ways immediately adjoining) owned, rented or controlled either by the person or by the employer of the person against whom claim is

made or suit is brought for such injury, sickness, disease, death or destruction.

"This limitation does not apply with respect to claims made or suits brought against the following insureds:

(a) the named insured or, if the named insured is an individual, his spouse, if a resident of the same household;

(b) a bailee or borrower of the automobile or an employee of either of them or of the named insured;

(c) if the named insured is classified and rated as a truckman, any person or organization, or any agent or employee thereof, engaged in the business of transporting property by automobile for the named insured or for others; subject nevertheless to the limitations of any endorsement made a part of the policy and specifically applicable to truckmen;

(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b) or (c) above."

Appellant by a single point of error urges that the trial court erred "in sustaining appellee's motion for summary judgment and in holding that there was no coverage for the reason that such ruling and holding conflicts with the intention of the opinion of the Supreme Court of Texas in the case of Commercial Standard Insurance Company vs. American General Insurance Company, 455 S.W.2nd 714 (Tex. 1970)." We find no merit in this contention and therefore overrule the point and affirm the judgment rendered by the trial court.

In the Commercial Standard case, the court re-affirmed the majority view that the term "loading and unloading" as used in policies of insurance, embraces not only the immediate transference of the goods to or from the vehicle, but the *complete oper-*ation of transporting the goods between the vehicle and the place from or to which they are being delivered. Travelers Insurance Company v. Employers Casualty Company, 380 S.W.2d 610 (Tex.1964). Thus, *Commercial Standard* would seem to indicate that South End Building Materials Company would be an additional insured under the automobile liability policy issued by Glens Falls because the truck insured by it was in the process of unloading. However, the distinguishing feature between this case and *Commercial Standard* is that in the present case the policy contained an endorsement which explicitly and clearly excluded coverage to any additional insured under the loading and unloading clause where the accident made the basis of a claim occurs on premises owned by the person against whom claim is made for the injury. It is without dispute that the accident occurred on premises owned by South End Company, the entity against whom claim for injury was made. It is likewise without dispute that the State Board of Insurance approved the specific exclusionary endorsement relied on by appellee, Glens Falls.

Appellant seems to question the validity of the exclusionary endorsement arguing that it is in direct conflict with the holding in *Commercial Standard.* Appellant further asserts that the ruling in *Commercial Standard* supercedes the order of the Board. We do not agree. Under the terms of the exclusionary endorsement it seems clear and unambiguous that insurance coverage does not extend to claims for injuries arising out of loading or unloading of the truck owned by the insured, Chemical Express, if the accident occurs on premises owned, rented or controlled either by the person or by the employer of the person against whom suit is brought for such injury. Since the policy in the Commercial Standard case relied on by appellant contained no such exclusionary clause, we are of the opinion that the decision in that case could in no way be controlling here.

In view of the undisputed facts and the limitation of the additional interest clause contained in the loading and unloading endorsement of the Glens Falls policy which provides that the insurance does not apply to an injury which arises out of loading or unloading if the accident occurs on premises owned, rented or controlled by party against whom claim is made, we hold that the exclusionary clause contained in the Limitation of Additional Interests Endorsement forming a part of the Glens Falls policy is effective and excludes coverage to South End Building Materials for the accident out of which the damages suffered by Friedrich arose. Couch on Insurance 2d, Vol. 12, sec. 45:134; Hartford Accident and Indemnity Company, Inc. v. Shelby Mutual Insurance Company, 208 So.2d 465 (Fla.App.1968); General Insurance Company of America v. American Employers' Insurance Company, 11 Ariz. App. 38, 461 P.2d 517 (1969). As we view the record, Glens Falls discharged its burden of proof by showing that under the facts and terms of the policy appellant was not an additional insured and therefore no liability existed.

Accordingly, the judgment of the trial court is affirmed.