**The GARY SAFE COMPANY, Appellant,**

v.

**TRANSPORT INSURANCE COMPANY, Appellee.**

**No. 1174.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 2, 1975.

Rehearing Denied July 23, 1975.

Frank G. Jones, Houston, for appellant.

Henry P. Giessel, Alice Giessel, Talbert, Giessel & Stone, Wayne Fisher, Fisher, Roch & Gallagher, William C. Book, Pomeroy & Tekell, Michael O. Connelly, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

TUNKS, Chief Justice.

The Gary Safe Company was the shipper of a safe, which was transported by Braswell Motor Freight Lines, Inc., a common carrier. Malloy's Sweda Cash Registers, Inc. was the consignee of the safe. When the safe reached its destination, Truitt Reynolds, an employee of Braswell, was helping to unload it when it fell on him. Reynolds sued Gary and Malloy's for damages for the personal injuries he sustained.

Transport Insurance Company issued both a workmen's compensation policy and a comprehensive liability policy, in which Braswell was the named insured. Under its workmen's compensation policy Transport paid benefits to Reynolds. Transport intervened in the suit filed by Reynolds seeking reimbursement for the compensation benefits it had paid to Reynolds. Thereupon, both Gary and Malloy's filed cross-actions against Transport alleging that they were insureds under the comprehensive liability policy issued by Transport to Braswell. Transport filed a general denial to each of the cross-actions and a motion for summary judgment as to both. Gary, but not Malloy's, filed a motion for summary judgment on its cross-action against Transport. After a hearing the trial court granted Transport's motion for summary judgment against Gary and Malloy's and denied Gary's motion for summary judgment against Transport. The summary judgment on the cross-actions was severed. Gary, but not Malloy's, has appealed.

With reference to the persons insured under the comprehensive liability policy issued by Transport to Braswell, the following language of that policy is controlling as to this case:

Each of the following is an insured under this insurance to the extent set forth below:

.　　　.　　　.　　　.　　　.

(c) any other person while using an owned automobile . . . with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:

(1) a lessee or borrower of the automobile, or

(2) an employee of the named insured or of such lessee or borrower;

.　　　.　　　.　　　.　　　.

The question to be determined is whether Gary was a "lessee or borrower" of Braswell's truck, in which the safe had been transported and from which it was being unloaded. We hold that Gary was not a lessee or borrower and affirm the judgment of the trial court. National Auto. & Cas. Ins. Co. v. Glens Falls Ins. Co., 493 S.W.2d 909 (Tex.Civ.App.—Tyler 1973, no writ), involved the construction of an insurance policy with similar language. Glens Falls had issued a policy on a truck which excluded coverage when the defendant was the owner of the premises at which the truck was being unloaded, unless the defendant was a "bailee or borrower" of the truck. The driver of the truck was injured while the truck's cargo was being unloaded on the premises of the consignee of the cargo. The truck driver sued the consignee. The Court held that the consignee was not covered by the Glens Falls policy because it was the owner of the premises at which the truck was being unloaded when the injury occurred. Although the Court did not discuss the matter in its opinion, if the consignee had been a bailee or borrower of the truck, the exclusionary provision would not have applied and it would have been an insured under the policy.

In Prudhomme v. Vancouver Plywood Co., La.App., 240 So.2d 587 (1970), it was held that one engaged in the loading of another's truck was not a bailee or borrower of the truck so as to be an insured under the policy covering the truck.

In Walter S. Kozdranski Co., Inc. v. Jamestown M. Ins. Co., 40 A.D.2d 187, 338 N.Y.S.2d 634 (1972), aff'd mem., 34 N.Y.2d 542, 354 N.Y.S.2d 104, 309 N.E.2d 873 (1974), a declaratory judgment action was brought to determine whether, under the facts of the case, an insurer was liable under the loading and unloading provision of an automobile policy. Kozdranski contracted with the Stauffer Chemical Company to supply a backhoe and truck to clean out a sludge pit on Stauffer's premises.

Kozdranski arranged with Gross Plumbing & Heating Co., Inc. for Gross to supply a truck to be used at the site to assist Kozdranski's backhoe operator, Chapman, in removing the sludge waste. An accident occurred while the backhoe was being used to remove the sludge and an employee of Stauffer, who was not engaged in the operation at the time, was killed. The employee's survivor and Chapman sued Kozdranski, and brought a declaratory judgment action to determine their rights and obligations under the insurance policies issued to Kozdranski and Gross, respectively. Under the facts of the case, the Court held that Kozdranski was a lessee or borrower of the Gross dump truck. In addition, the Court held that under the facts of the case, the alleged negligence occurred during the loading and unloading of the truck. The facts held by the Court to constitute a lessee-lessor situation were that Kozdranski paid by the hour for the services of the truck and driver, that the truck was to be used only as directed by Kozdranski's backhoe operator, and that Gross was to bill Kozdranski at the end of the month for the number of hours that the truck and driver were at Stauffer's site.

In White v. Great American Insurance Co. of New York, 343 F.Supp. 1112 (M.D.—Ala.1972), a summary judgment case, a truck driver for Arrow Truck Lines was injured during the loading of an Arrow truck by employees of Union Camp Corporation on the latter's premises. Union Camp's general liability insurer brought an action for reimbursement against Arrow's insurer claiming coverage for the Union Camp employees under the loading and unloading provision of Arrow's policy. The Court held that the Arrow truck was leased or borrowed under the policy provision. The Court said: "At the time of the accident, the truck was in the possession of Union Camp for purposes of loading the consignment. Union Camp was paying Arrow for delivery of the consignment. The truck was either leased or borrowed for the purpose of loading." Id. at 1119.

Although the holding in *White* seems to support appellant's contention, that case is factually distinguishable from the case at bar. In *White* the truck was in the possession of Union Camp for purposes of loading the consignment and was actually in the process of being loaded by Union Camp's employees at the time of the accident. That case might factually support the claim made by Malloy's in the trial court, since it was the consignee upon whose premises and by whose employees the safe was being unloaded at the time the accident occurred. However, Malloy's did not appeal from the summary judgment rendered by the trial court. Moreover, the Court in National Auto. & Cas. Co. v. Glens Falls Ins. Co., *supra*, held under a similar fact situation that the consignee was not an additional insured of the common carrier. The decision in *Kozdranski* is also clearly distinguishable on its facts from the case at bar.

There, the facts showed that Kozdranski had actually entered into a lease agreement with the owner of the insured truck, and that at the time of the accident, the truck's driver was being directed by a Kozdranski employee.

We hold that the summary judgment evidence shows, as a matter of law, that the Gary Safe Company was not a lessee or borrower of the Braswell delivery truck at the time of the accident, and, therefore, was not entitled to coverage under the loading and unloading provision of the comprehensive liability policy issued to Braswell. This holding is supported by the holding in National Auto. & Cas. Ins. Co. v. Glens Falls Ins. Co., *supra*, which involved a policy provision similar to the one at issue in this appeal.

Affirmed.